UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ALONZO CHATMAN, | No. 2: 21-cv-0570 JAM KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| THERESA CINEROS, | |
| Respondent. | |

Petitioner, a former state prisoner, proceeds pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Respondent filed a motion to dismiss this action alleging the petition lacks federal subject matter jurisdiction and was filed beyond the one-year statute of limitations.  As set forth below, the undersigned recommends that the motion be granted for lack of subject matter jurisdiction, but denied on the statute of limitations grounds.

I. Motion to Dismiss - Statute of Limitations

    A. Standards Governing Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Id.  The Court of Appeals for the Ninth

---

[1] Petitioner filed a notice of change of address stating he would be paroled as of August 10, 2021. (ECF No. 13.)

1

Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Thus, the court reviews respondent's motion pursuant to its authority under Rule 4.

### B. Statute of Limitations

#### 1. Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

#### 2. Chronology[2]

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

////

---

[2] Under the mailbox rule, a pro se prisoner's habeas petition or other pleading is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). Unless otherwise indicated, petitioner is afforded the benefit of the mailbox rule for each state court petition identified herein.

1. On June 30, 2004, petitioner was convicted in Solano County of attempted murder, mayhem and assault with a deadly weapon, with enhancements for weapons use and great bodily injury. Chatman v. Evans, No. 2:10-cv-0264 KJM CKD (E.D. Cal.) (ECF Nos. 1, 114.) On September 30, 2005, petitioner was sentenced to 23 years-to-life in state prison. (Id.)

2. On March 14, 2019, the district court partially granted petitioner's first federal petition for writ of habeas corpus and vacated petitioner's conviction for attempted premeditated first degree murder unless the Solano County District Attorney chose to retry him on such count within 90 days. Evans, No. 2:10-cv-0264 KJM CKD (ECF No. 117.) In the event petitioner was not retried on such count, the Solano County Superior Court could elect to resentence petitioner on the remaining two counts of conviction. (Id.)

3. On August 29, 2019, petitioner was resentenced to a determinate state prison term of 21 years because petitioner's conviction of attempted first degree murder was vacated on federal habeas review. (ECF No. 1 at 2; ECF No. 12 at 2, 18, 28-31.) This court takes judicial notice of the August 29, 2019 amended abstract of judgment filed in connection with petitioner's prior habeas action, Evans, No. 2:10-cv-0264 KJM CKD (ECF No. 119 at 5-7).[3]

4. On September 27, 2020, in the Solano County Superior Court, petitioner filed a petition for writ of habeas corpus challenging the CDCR's failure to calculate good conduct credits and the trial court's error in not awarding good conduct credits. (ECF No. 12 at 8-26.)

5. On November 3, 2020, the Solano County Superior Court denied the petition. (ECF No. 1 at 9.) The superior court found that habeas relief was not available where petitioner had an alternative remedy: "filing a claim of error in the calculation of presentence custody credits in a motion for correction of the record in the trial court." (ECF No. 1 at 9.) In addition, the superior court noted that petitioner's abstract of judgment in FCR212933 reflected that "petitioner was awarded 6505 days total credit for time served, which included 848 days of conduct credits amounting to 15% of 5657 days actually served pursuant to Penal Code section 2933.1."[4] (ECF

---

[3] For future ease of reference, the Clerk of the Court is directed to file a copy of the amended abstract of judgment, dated August 29, 2019, in this action.

[4] Under California Penal Code section 2933.1, any person who is convicted of a violent felony

3

No. 1 at 10.)  The superior court found petitioner made no showing of any factual, legal, or arithmetic error in such calculation.  (Id.)

      6. On November 16, 2020, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, Case No. S265573.[5]  (ECF No. 17 at 15.)  On March 17, 2021, in Case No. S265573, the petition for writ of habeas corpus was denied by the California Supreme Court, *en banc*.  (ECF No. 1 at 17.)

      7. On March 17, 2021, in Case No. S266161, another petition for writ of habeas corpus was denied by the California Supreme Court, *en banc*, citing "See *In re Miller* (1941) 17 Cal.2d 734, 735 [courts will not entertain habeas corpus claims that are repetitive]." (ECF No. 1 at 18 (brackets in original).)

      8. On March 29, 2021, petitioner filed the instant federal petition.[6]  Petitioner alleges that at resentencing, the sentencing judge asked defense counsel whether he had calculated petitioner's good conduct credits.  (ECF No. 1 at 2.)  Counsel responded no, and the court responded the CDCR would calculate them, but petitioner argues that the CDCR never did.  (ECF No. 1 at 2.)  He further alleges that the denial of such good conduct credits violates petitioner's Fourteenth Amendment rights to due process and access to the courts.  (ECF No. 1 at 6.)

      3. <u>Calculation of Limitations Period</u>

Petitioner was resentenced and received a new judgment on August 29, 2019.  See <u>Gonzalez v. Sherman</u>, 873 F.3d 763, 769 (9th Cir. 2017).  In <u>Gonzalez</u>, the Circuit held that under California law, a state court's amended judgment awarding a defendant credit for time served constitutes a new judgment, rendering his second in time habeas petition not second or successive

---

"shall accrue no more than 15 percent of work time credit." Id.  The amended abstract of judgment categorized both remaining counts 2 and 3 as violent felonies. <u>Evans</u>, No. 2:10-cv-0264 KJM CKD (ECF No. 119 at 5).

[5] The court was unable to afford petitioner benefit of the mailbox rule because petitioner only provided the first page of the petition filed in the California Supreme Court.  (ECF No. 17 at 15.)

[6] The court is unable to afford petitioner the benefit of the mailbox rule for his federal petition because the petition is not dated (ECF No. 1 at 8), and petitioner provided no proof of service attesting to service of the federal petition (ECF No. 1, *passim*).

(id.), and also "held that the AEDPA's statute of limitations clock restarts when a state-court judgment is amended." Shropshire v. Baca, 702 F. App'x 629, 630 (9th Cir. 2017).  This analysis is true even if the resentencing occurs on collateral review rather than on direct appeal.  Hess v. Ryan, 651 F.Supp.2d 1004, 1021 (D. Ariz. 2009) (collecting cases).  "[A] petitioner is not held under two separate judgments, one determining his conviction and another setting his sentence.  Rather, "[t]he sentence is the judgment."  Id. at 1021, citing Burton v. Stewart, 549 U.S. 147, 157 (2007).

Here, respondent argues that petitioner became aware of the factual predicate of his claims on August 29, 2019, when the sentencing court did not award good conduct credits, relying on 28 U.S.C. § 2244(d)(1)(D).  (ECF No. 12 at 3.)  Such subsection provides for a later start to the limitations period to the date the factual predicate to a claim could have been discovered.  But petitioner is not in need of a later trigger date.  Rather, the instant petition is governed by petitioner's resentencing because the judgment was amended.

Thus, for purposes of calculating the limitations period in this case, § 2244(d)(1)(A) applies.  Petitioner was resentenced on August 29, 2019.  Because it appears petitioner did not file an appeal, the judgment became final sixty days later on October 28, 2019.  Cal. R. Ct. 8.38(a); Stancle v. Clay, 692 F.3d 948, 951 (9th Cir. 2012).  The limitations period began the next day, October 29, 2019.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).  The one-year limitation period commenced on October 29, 2019, and, absent tolling, expired on October 29, 2020.

### 4.  Statutory Tolling

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8 (2000).

An application is "pending" until it has achieved final resolution through the state's

postconviction procedures. Carey v. Saffold, 536 U.S. 214, 220 (2002). In California, a state habeas petition remains pending between a lower court's denial of it and the filing of a habeas petition in a higher state court as long as that period is "reasonable" under state law. Evans v. Chavis, 546 U.S. 189, 191-92, 198 (2006); see Carey, 536 U.S. at 222 (unlike most states, which "specify precise time limits, such as 30 or 45 days, within which an appeal must be taken," California "applies a general 'reasonableness' standard" when determining timeliness); Robinson v. Lewis, 9 Cal. 5th 883, 897 (Cal. 2020) ("California courts employ a reasonableness standard.").

Specifically, in determining reasonableness, California courts consider three factors. Robinson, 9 Cal. 5th at 897. First, "a claim must be presented without *substantial delay*," 'measured from the time the petitioner . . . knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim." Id. at 898 (internal quotations and citation omitted). Second, if the petition was filed with substantial delay, a petition may still be considered on the merits if the "petitioner can demonstrate *good cause* for the delay." Id. Third, even if the petitioner cannot demonstrate good cause for such substantial delay, the petition may be considered on the merits if it falls within four narrow exceptions, only three of which apply to noncapital cases: "(1) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (2) that the petitioner is actually innocent of the crime or crimes of which he or she was convicted; and (3) that the petitioner was convicted or sentenced under an invalid statute." Id. (internal quotations and citation omitted). The California Supreme Court found that a safe harbor period of six months was unduly generous, and "might endanger gap tolling in federal court," instead adopting a safe harbor period of 120 days as reasonable. Id. at 901. "The petitioner bears the burden to plead and then prove all of the relevant allegations." Id.

State habeas petitions filed after the one-year statute of limitations expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

////

*First Interval*

From October 29, 2019, until September 27, 2020, the date petitioner filed the first petition in state court, no petition was pending. Thus, petitioner is not entitled to tolling for the initial 344 days that elapsed before the first state court petition was filed. At this point, 21 days of the one year limitations period remained.

On September 27, 2020, petitioner filed his first state habeas petition before the federal limitations period expired. On November 3, 2020, the Solano County Superior Court denied the petition. Petitioner is entitled to tolling for the pendency of such petition.

*Second Interval*

Twelve days later, petitioner filed a petition for writ of habeas corpus in the California Supreme Court on November 16, 2020. A twelve day interval is reasonable under California law, so petitioner is entitled to gap tolling for the 12 day period. On March 17, 2021, the California Supreme Court denied the petition. The limitations period began again the next day, March 18, 2021, and petitioner had 21 days remaining on the federal limitations clock.

*Federal Petition*

Petitioner filed the instant petition 11 days later, on March 29, 2021. Thus, the instant petition was timely-filed and is not barred by the statute of limitations.

II. Motion to Dismiss -- Subject Matter Jurisdiction

Respondent argues that even if the petition is timely, federal habeas relief is unavailable because errors of state law are not cognizable in federal habeas. (ECF No. 12 at 4, citing Swarthout v. Cooke, 562 U.S. 216, 219 (2011) per curiam).) Respondent contends there is no right under the Constitution to be conditionally released prior to the expiration of a valid sentence, Cooke, 562 U.S. at 220. And while California law provides for certain inmates to be eligible for good conduct credits, petitioner "points to no constitutional authority entitling him to a particular amount of good conduct credit, or to an order compelling a state court to provide him with a specified amount of credits. (ECF No. 12 at 4.) Thus, respondent argues that petitioner's challenge does not raise a constitutional error.

"[T]he Constitution itself does not guarantee good-time credit for satisfactory behavior

7

while in prison." Wolff v. McDonnell, 418 U.S. 539, 557 (1974). However, the Supreme Court has held that California law creates a liberty interest in parole. See Cooke, 562 U.S. at 219-20 (citation omitted). The Ninth Circuit has yet to determine whether California law creates a liberty interest in good-time or any other type of credits. See generally Edwards v. Swarthout, 597 F. App'x 914, 915-16 (9th Cir. 2014) (stating court has not had occasion to decide whether California Penal Code § 2933 as amended in 2010 to allow receipt of good-time credits based upon time served in prison creates a liberty interest); but see In re Johnson, 176 Cal. App. 4th 290, 297 (2009) (stating California's required invocation of administrative and procedural safeguard mechanisms prior to revoking inmate's conduct credits creates vested liberty interest protected by Due Process Clause).

Here, petitioner contends that he was improperly denied good conduct credits, amounting to some 1,440 days earned during his incarceration in violation of his Fourteenth Amendment due process rights. However, such claim is not cognizable on federal habeas review because such claim alleges state court error in the application of state law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (holding alleged errors in state law not cognizable in federal habeas proceedings).

Specifically, because there is no constitutional right to good-time credits (see Wolff, 418 U.S. at 557), and petitioner has no constitutional right to earlier release, petitioner's claim does not raise either a constitutional question or an otherwise established violation of federal law. Thus, it is not a claim this court may review.

As for whether petitioner has a state-created liberty interest protected by the Fourteenth Amendment's due process clause, petitioner cited no California statutes or case law that finds such an interest has been conferred upon prisoners by the state. (ECF No. 1 at 1-8.) Although petitioner contends his counsel had not calculated petitioner's credits at resentencing, the state court found that petitioner was given credit for time served, including conduct credits. (ECF No. 1 at 10.) Thus, petitioner essentially asserts that credits were not applied in the manner in which

petitioner believes they should have been, and which would result in petitioner's earlier release. However, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Whether or not credits are being properly applied to petitioner's sentence is not within the province of a federal court's jurisdiction. See Estelle, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); 28 U.S.C. § 2254(a) (establishing district court's consideration of habeas petition only on grounds that petitioner is in custody in violation of Constitution, laws or treaties of United States). Rather, it is a question for the state courts to decide. See Logan v. Hubbard, 2008 WL 2074468, *1 (E.D. Cal. May 12, 2008) (claim that state court did not compute presentence credits correctly under California law does not raise federal constitutional question), adopted, 2008 WL 2704980 (E.D. Cal. June 10, 2008); Mousa v. Trump Admin., 2019 WL 6051611, at *6 (E.D. Cal. Nov. 15, 2019) (finding plaintiff's allegation that he was being denied the ability to earn custody credits at a higher rate failed to state a due process claim).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall file a copy of the August 29, 2019 amended abstract of judgment filed in Chatman v. Evans, No. 2:10-cv-0264 KJM CKD (ECF No. 119 at 5-7), on the docket of the instant action.

Further, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 12) on statute of limitations grounds be denied; and

2. Respondent's motion to dismiss for lack of subject matter jurisdiction (ECF No. 12) be granted; and

3. This action be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 19, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/chat0570.mtd.hc.sol